Citation Nr: 1554525 
Decision Date: 12/31/15 Archive Date: 01/07/16

DOCKET NO. 06-04 695 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Phoenix, Arizona


THE ISSUE

Entitlement to an initial rating in excess of 10 percent for sinusitis prior to August 13, 2009 and in excess of 30 percent thereafter. 


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

A. VanValkenburg, Associate Counsel






INTRODUCTION

The Veteran served on active duty from September 1993 to April 1997. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from the November 2004 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Phoenix, Arizona which granted service connection for sinusitis and assigned an initial 10 percent rating, effective December 12, 2003. During the course of the appeal in an April 2010 RO rating decision, the rating for sinusitis was increased to 30 percent, effective August 13, 2009. 

The issue was remanded by the Board in July 2009 and March 2015 for additional development. The appeals management center (AMC) has issued the most recent supplemental statement of the case in October 2015 and the issue has returned to the Board for further appellate review. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

Unfortunately, another remand is required prior to the adjudication of the Veteran's increased rating claim for sinusitis.

The March 2015 Board remand instructed the AOJ, in part, to obtain updated VA treatment records beyond August 2014 and afford the Veteran an appropriate VA examination to determine the severity of his service-connected sinusitis. 

An appropriate VA sinusitis, rhinitis and other conditions of the nose, throat, larynx and pharynx examination was provided in October 13, 2015. Although the VA examiner provided a thorough description of the Veteran's condition, the VA examiner referenced X-rays which were ordered on October 8, 2015 and stated she would submit an addendum once the X-rays were received. There are no updated treatment records associated with the file which references these X-rays and the file does not contain an addendum after receipt of the noted records, as promised by the examiner. 

Accordingly, in order to fully comply with the terms of the prior remand and provide the Veteran with every reasonable opportunity to prevail on his increased rating claim, the Board finds it necessary to remand that claim an additional time to obtain updated VA treatment records (including the referenced October 2015 X-rays) and an addendum opinion to address the nature and severity of the sinusitis condition after a review of the records. Stegall v. West, 11 Vet. App. 268 (1998) (a remand by the Board confers on the Veteran, as a matter of law, the right to compliance with the remand). 

Accordingly, the case is REMANDED for the following action:

1. Obtain outstanding VA treatment records to include records from the Pheonix, Prescott, Tuscan or West Los Angeles VAMC beyond November 2014 including any X-rays ordered in October 2015. All records and/or responses received should be associated with the claims file.

2. After any development deemed necessary is completed, the AOJ should then return the claims file to the October 2015 VA examiner to provide an addendum opinion addressing changes in the nature and severity of the Veteran's condition indicated by the records, if any. If the October 2015 VA examiner is not available, provide the claims file to an appropriate VA examiner for a file review. The claims folder should be reviewed by the examiner and the examiner's report should note that review. If, and only if, determined necessary by the VA examiner, the Veteran should be scheduled for another VA examination.

3. Ensure that the opinion report complies with this remand. If any report is insufficient, it should be returned to the examiner for necessary corrective action, as appropriate.

4. Thereafter, the issue on appeal should be readjudicated. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be provided with a supplemental statement of the case (SSOC) and afforded the appropriate opportunity to respond thereto. The matter should then be returned to the Board, if in order, for further appellate review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL LANE
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).